█ Norbert Campbell et al., Respondents, v John V. Lindsay et al., Appellants. John Acosta et al., Respondents, v City of New York et al., Appellants.—Judgment, Supreme Court, New York County, entered on June 19, 1978, affirmed, without costs and without disbursements, on the opinion of Greenfield, J., reported at 78 Misc 2d 841, and the opinion of Greenfield, J., at Special Term, resulting in the judgment appealed from. It should be noted that the New York City Charter has been amended since the earlier opinion and the amendment is not considered herein. Concur—Kupferman, Lane, Markewich and Lynch, JJ.

Murphy, P. J., dissents in a memorandum as follows: Upon the prior appeal, we stated that the plaintiffs should be "put to their proof of their *de facto* service" as commanders or supervisors of detective squads (78 Misc 2d 841, mod 48 AD2d 621, 622, mot for lv to app den 47 NY2d 1013.) Subsequently, defendants moved for summary judgment and plaintiffs cross-

moved for partial summary judgment. The proof submitted in support of the cross motion was insufficient to establish whether any plaintiff served in a *de facto* capacity, and if so, for how long a period of time. This deficiency in proof precluded any award of partial summary judgment in favor of the plaintiffs on the issue of liability. Hence, an assessment of damages should not have been ordered. An assessment was particularly inappropriate because the court at Special Term recognized that certain defenses (e.g., Statute of Limitations and waiver) remained unresolved. Those defenses, going to the very issue of liability, cannot be resolved at an assessment. The key to summary judgment is issue-finding rather than issue-determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Since an issue of fact exists as to the plaintiffs' right to recover, their cross motion should simply be denied. It is improper for this court to go further and decide the ultimate merits of the case in a piecemeal fashion. Thus, it is unnecessary to pass upon particular defenses, as was done by the court at Special Term. The merits of those defenses and all other issues should be resolved at trial. The piecemeal approach to this litigation is further exacerbated by the fact that the assessment is only prospective from July 29, 1974. Therefore, the assessment will not resolve plaintiffs' claims for the period prior thereto. When all appeals have been taken for claims covering the period after July 29, 1974, we may expect a new set of appeals for claims covering the period prior to July 29, 1974. If for no other reason, the assessment should be set aside for reasons of judicial economy. Accordingly, the order and interlocutory judgment of the Supreme Court, New York County, entered, respectively, on June 12, 1978 and June 19, 1978, insofar as they granted the plaintiffs' cross motion for summary judgment, should be reversed on the law. Insofar as the order, entered June 12, 1978, denied defendants' motion for summary judgment, it should be affirmed.