■ OWEN CARTER et al., Respondents, v DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK et al., Appellants. — Order, Supreme Court, New York County (Greenfield, J.), entered October 28, 1981, which, *inter alia,* denied defendants' motion to dismiss the complaint because of plaintiffs' failure to exhaust their administrative remedies, is reversed, on the law, defendants' motion is granted and the complaint dismissed, without costs. Plaintiffs hold the certified civil service title of captain in the Department of Correction of the City of New York. They contend that the defendants followed a practice of assigning them, without any increase in salary, to serve in titles such as that of assistant warden, deputy warden and warden. These titles have salaries attributable to them that are higher than that of captain. Thus, the plaintiffs are suing for damages in the amount of the difference in salaries. A collective bargaining agreement (Agreement) spelled out the working conditions of plaintiffs. This Agreement contained grievance and binding arbitration procedures to resolve disputes. A dispute pertaining to out-of-title work is specifically defined in the Agreement as a grievance that is subject to disposition pursuant to these grievance and binding arbitration procedures. Section 100 (subd 1, par [d]) of the New York Civil Service Law permits money damages to be awarded for a violation of a provision of a collective bargaining agreement that prohibits the assignment of an employee to work outside of his certified title. On the basis of the wording of section 11 of article XX of this Agreement, which reads: "The grievance and arbitration procedures contained in this Agreement shall be the exclusive remedy for the resolution of disputes", the defendants moved to dismiss the complaint. Concededly, the plaintiffs did not exhaust this contractual remedy before commencing suit. Relying upon the authority of *Campbell v Lindsay* (78 Misc 2d 841, mod on other grounds 48 . AD2d 621, affd 71 AD2d 556, revd on other grounds *sub nom. McGowan v Mayor of City of N. Y.,* 53 NY2d 86), Special Term denied defendants' motion and held that the grievance and arbitration procedures of this Agreement were not the exclusive remedy to deal with the grievance of an assignment to out-of-title work. As in the instant case, *Campbell* dealt with a controversy over out-of-title work. In *Campbell,* New York City police officers holding the certified civil service titles of sergeant and lieutenant were assigned as supervisors and commanders of detective squads, but were not given the higher salaries attributable to those titles. We find that Special Term erred in using *Campbell* as authority since *Campbell* is distinguishable. The grievance and arbitration procedures contained in the *Campbell* collective bargaining agreement were not meant to be the exclusive remedy to resolve out-of-title work disputes because that agreement specifically recognized that the police officers concerned had not waived their right to seek legal redress as an alternative remedy. Our examination of the instant Agreement reveals that plaintiffs did not reserve to themselves the use of any alternative remedy such as seeking legal redress. Therefore, we hold that plaintiffs must exhaust their contractual remedy (*Rieder v State Univ. of N. Y.,* 39 NY2d 845). Concur — Sandler, J. P., Sullivan, Ross, Fein and Kassal, JJ.