■ In the Matter of SAMUEL VERGATA et al., Appellants, v SUPERINTENDENT OF BUILDINGS OF THE VILLAGE OF WESTBURY et al., Respondents. — In a proceeding pursuant to CPLR article 78 to direct the respondent Superintendent of Buildings of the Village of Westbury to revoke a building permit, petitioners appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), dated April 19, 1983, which dismissed the proceeding.

Judgment reversed, on the law, with costs, and matter remitted to Special Term for further proceedings in accordance herewith.

This article 78 proceeding to direct the respondent Superintendent of Buildings to revoke a building permit he had previously granted, on the ground the dwelling does not meet the applicable front setback requirements, is not a proceeding in mandamus to compel but rather in mandamus to review. The refusal of the Superintendent to reverse himself on the issuance of the permit does not constitute a refusal to perform a mandatory, nondiscretionary administrative act (*see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 97; *see also, State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 65-69). However, his determination to grant the building permit in the first instance is such a final administrative determination as may be properly challenged by petitioners, neighboring property owners, in a mandamus review proceeding. The issue, therefore, is not whether petitioners have established a right to the relief sought which is "so clear as not to admit of reasonable doubt or controversy" (*Matter of Burr v Voorhis,* 229 NY 382, 387), but rather whether the determination of the Superintendent had a rational basis (*Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174) or was arbitrary and capricious (CPLR 7803 [3]). We also note that even if the instant proceeding was one in mandamus to compel, the existence of factual issues should not result in dismissal, as Special Term appears to have held, but in the immediate trial of such issues

pursuant to CPLR 7804 (h) (*Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith,* 71 AD2d 889; *see also, Matter of Durr v Paragon Trading Corp.,* 270 NY 464; *Matter of Wilder v Straus-Duparquet, Inc.,* 5 AD2d 1).

Petitioners essentially contend that no building permit should have been issued because the proposed dwelling does not meet the applicable front setback requirements. The required setback is "the average setback line observed by the buildings existing at the effective date of this ordinance on the same side of the street within the block". Petitioners argue that there are four houses on their block, two of which are older homes. If both of these homes were constructed prior to the enactment of the building zone ordinance, the proposed dwelling barely meets the "average setback line" at ground level and actually exceeds it by reason of a two-foot overhang of the second floor. If only one of the houses on the block is precode, the proposed dwelling's setback is definitely insufficient. The respondent Superintendent contends that there are six houses on petitioners' block, including two corner houses, that three of these are precode (two of which are the corner houses), and that the proposed dwelling does not exceed the average setback line so computed. Clearly then, petitioners' claimed right to relief depends upon a particular, disputed interpretation of the ordinance's setback provision, i.e., that the setback requirement applies to upper as well as lower floors and that the "average setback line" should be determined by consideration of only those houses which actually front on the street in question, excluding corner houses fronting on other streets. We find no material factual dispute. However, there is a deficiency of facts as to the construction date of the houses on petitioners' street. This deficiency should be cured upon remittitur and, based upon the facts thus adduced, Special Term should then determine whether the Superintendent's interpretation of the setback ordinance and grant of the building permit have a rational basis or are arbitrary and capricious. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.