■ In the Matter of THOMAS A. PRISCO, Petitioner, v NASSAU COUNTY POLICE DEPARTMENT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Police Department, dated June 28, 1984, revoking the petitioner's pistol license.

Adjudged that the determination is confirmed, with costs.

There was substantial evidence to support the challenged determination *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176), and the penalty imposed does not shock one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.

■ In the Matter of MILDRED REDEN, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel the respondents to reemploy the petitioner, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered June 17, 1986, which dismissed the petition for failure to state a cause of action.

Ordered that the judgment is affirmed, with costs.

The statements contained in a pleading must be sufficiently particular to give the court and parties notice of the transactions or occurrences to be proved and must support the material elements of the cause of action *(see, DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 239). The instant petition failed to include all the essential facts necessary to give such notice or to support its conclusory allegations. Moreover, to maintain a petition in the nature of mandamus, the petitioner must have a clear right to the relief requested *(see, Matter of Jahn v Town of Patterson,* 23 AD2d 688). As an individual on a preferred list, the petitioner has no clear right to the reemployment she seeks *(see, Matter of Hartley v Human Resources Admin.,* 132 AD2d 699). Special Term, therefore, acted properly in dismissing the petition. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.