■ In the Matter of BERNARD VALACHOVIC, Appellant, v JAMES A. CONSTANTINO et al., Constituting the Town Board of the Town of Rotterdam, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered June 1, 1987 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to enforce certain alleged violations of the Zoning Code of the Town of Rotterdam.

Pede Brothers, not a party to this proceeding, applied for a

building permit on premises located at 2809 Guilderland Avenue in the Town of Rotterdam, Schenectady County. After approval of their site and building plans by the town's Planning Commission, respondent Building Inspector issued the permit on or about May 20, 1986 and Pede Brothers made the improvements, which have been completed. Thereafter, by letter dated September 29, 1986, petitioner, as owner of property located at 2849 Guilderland Avenue, which is within 500 yards of the Pede Brothers' property, complained to the Building Inspector, pursuant to section 270-59 of the Zoning Code of the Town of Rotterdam, of certain alleged violations of the zoning ordinance regarding yard size, building size, curbing, merger of side lots and parking space. By letter dated December 12, 1986, the attorney for the Planning Commission advised petitioner that Pede Brothers' application had been approved and that it complied with the zoning ordinance. Petitioner then instituted this CPLR article 78 proceeding in the nature of mandamus to compel respondents to enforce the town's zoning ordinance. Supreme Court dismissed the petition for untimeliness and for lack of a legal basis to support mandamus.

We agree with Supreme Court that the complaint procedure set forth in the zoning ordinance provides no basis for mandamus relief to petitioner, and, in the circumstances, we find petitioner's proceeding for mandamus relief inappropriate. Petitioner's proceeding to direct respondents to enforce the zoning ordinance insofar as it applies to Pede Brothers' property is not a proceeding in mandamus to compel, but rather a proceeding in mandamus to review the determination to issue a building permit to Pede Brothers *(see, Matter of Vergata v Superintendent of Bldgs. of Vil. of Westbury,* 108 AD2d 750). This determination was a final administrative determination which could have been challenged by neighboring property owners, such as petitioner, in an article 78 proceeding in the nature of mandamus to review *(supra).* Having failed to seek timely judicial review in the first instance, petitioner cannot obtain that review by way of this proceeding.

Judgment affirmed, with costs. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.