■ In the Matter of ANGELA MUZZILLO et al., Appellants, v MOUNT VERNON CITY SCHOOL DISTRICT et al., Respondents. [657 NYS2d 353] —In a proceeding pursuant to CPLR article 78, *inter alia,* in the nature of mandamus to compel the respondent Board of Education of the Mount Vernon City School District to comply with a determination of the Mount Vernon Civil Service Commission and reclassify their positions to the title of senior stenographer, and in the nature of prohibition to prohibit the respondent Mount Vernon City School District from requiring the petitioners to perform out-of-title work, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered March 8, 1996, which granted the respondents' motion to dismiss the proceeding.

Ordered that the judgment is affirmed, with costs.

The four petitioners are employed as stenographers by the respondent Mount Vernon City School District (hereinafter the District), a body governed by the respondent Board of Education of the Mount Vernon City School District (hereinafter the Board). The petitioners hold permanent appointments in the competitive civil service class, and claim that they have been ordered to perform out-of-title work properly classified under the title for senior stenographer.

Contrary to the petitioners' claim, the court properly dismissed the proceeding. The petitioners requested that the court either order a reclassification of their positions, or order

the respondents to cease and desist from using them to perform duties inappropriate to their title. By resolution dated October 24, 1995, the Board specifically responded to the petitioners' request by directing the District to cease and desist from assigning out-of-title work to them.

Even if the resolution did not resolve the matter, the petitioners failed to exhaust their administrative remedies before commencing this proceeding. As the petitioners did not avail themselves of the grievance procedure set forth in their collective bargaining agreement, the court properly dismissed their petition (see, Carter v Department of Correction, 92 AD2d 465, affd 62 NY2d 670). Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.