■ In the Matter of ANGELA MUZZILLO et al., Appellants, v MOUNT VERNON CIVIL SERVICE COMMISSION, Respondent. [656 NYS2d 368] —In a proceeding pursuant to CPLR article 78, *inter alia,* in the nature of mandamus to compel the respondent to enforce its determination concerning the reclassification of the petitioners' civil service positions, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered March 8, 1996, which granted the respondent's motion to dismiss the proceeding.

Ordered that the judgment is affirmed, with costs.

The four petitioners are employed as stenographers by the Mount Vernon City School District (hereinafter the District), a body governed by the Board of Education of the Mount Vernon City School District (hereinafter the Board). The petitioners hold permanent appointments in the competitive civil service class and claim that they have been ordered to perform out-of-title work properly classified under the title for senior stenographer. The respondent Mount Vernon Civil Service Commission (hereinafter the Commission) determined that the petitioners were performing the duties of senior stenographers and urged the Board to change the petitioners' titles. When the Board failed to do so, the petitioners commenced this proceeding against the Commission seeking, *inter alia,* to compel it to enforce its determination.

The remedy the petitioners ultimately seek is either reclassification or a prohibition against out-of-title work. As noted in the companion case (*see, Matter of Muzzillo v Mount Vernon City School Dist.,* 238 AD2d 424 [decided herewith]) by resolution dated October 24, 1995, the Board specifically responded to the petitioners' request and directed the District to cease and desist from assigning out-of-title work to them.

In any event, the petitioners have failed to show that the Commission is under a legal duty to enforce compliance by the Board. Under the sections of the Civil Service Law relied upon by the petitioners, the operative term "may" indicates the Commission has the discretion, and not the obligation, to act (Civil Service Law § 100 [1] [a]; § 102 [3]; *see,* CPLR 7803 [3]). Accordingly, the petition was properly dismissed. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.