■ In the Matter of LaCorte Electrical Construction & Maintenance, Inc., Appellant, v New York State Department of Social Services et al., Respondents. [663 NYS2d 446] —Carpinello, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 1, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Department of Social Services rejecting all bids and issuing a revised request for proposals for a contract for computer-related electrical work.

In August 1995 respondent State Department of Social Services (hereinafter respondent) sought and received bids for computer-related electrical work to be performed at its Computer Center in the City of Albany. After submitting its bid, petitioner was asked to clarify certain information and provide

additional information on three separate occasions. Petitioner complied with each request. Although it was orally represented to petitioner that it was the lowest bidder and would be awarded the contract, petitioner was notified by letter dated December 21, 1995 that respondent had rejected all bids and was issuing a revised request for proposals. Respondent's rationale for this determination was its perceived violation of State Finance Law § 163 (9) (c) by requesting clarification and additional information from petitioner in the absence of language in the original request for proposals permitting it to do so. A second request for proposals was issued on December 27, 1995. It contained a provision in which respondent reserved to itself the right to seek postbid clarification or additional information from offerors.

Petitioner, claiming to be the lowest bidder under the initial request for proposals, commenced this CPLR article 78 proceeding asserting that respondent was required by law to award the contract to it and that respondent's decision to reject all bids and to reissue the request for proposals was illegal, contrary to the terms of the bid documents, and arbitrary and capricious. We affirm Supreme Court's dismissal of the petition.

"Although the power to reject any or all bids may not be exercised arbitrarily or for the purpose of thwarting the public benefit intended to be served by the competitive process * * * the discretionary decision ought not to be disturbed by the courts unless irrational, dishonest or otherwise unlawful" (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 149 [citations omitted]). Indeed, only upon a showing of *actual* impropriety or unfair dealing, such as "favoritism, improvidence, extravagance, fraud and corruption" (*Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 193), will a decision to reject all bids and readvertise for a second round of bidding be deemed unlawful (*see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra*). In our view petitioner failed in its burden of making such a demonstration.

As pertinent here, State Finance Law § 163 (9) (c) provides: "Where provided in the solicitation, state agencies may require clarification from offerers for purposes of assuring a full understanding of responsiveness to the solicitation requirements. Where provided for in the solicitation, revisions may be permitted from all offerers determined to be susceptible of being selected for contract award, prior to award. Offerers shall be accorded fair and equal treatment with respect to their op-

portunity for discussion and revision of offers." Respondent's basis for rejecting all bids and issuing a second request for proposals was its perceived violation of this statutory provision following petitioner's bid submission. Petitioner claims that this stated reason is pretextual and that respondent's decision to reissue the contract was as a result of "outside influences and union pressures".

Given respondent's requests for information and clarification from petitioner in the absence of language in the initial request for proposals permitting same, we find that respondent has advanced a nonarbitrary basis to support the rebid (*cf., Burke's Auto Body v Ameruso*, 113 AD2d 198). In this regard, we note that the second request for proposals includes language permitting respondent to "[r]equest offerors to clarify their proposal and/or submit additional information pertaining to their proposal". We further note that respondent did not simply reject petitioner's bid and award the contract to another bidder; rather, it reissued a request for proposals in which petitioner had a fair opportunity to participate. Petitioner's conclusory allegation, supported only by hearsay, that improper union pressure was the reason for the rebid does not satisfy its burden of demonstrating actual impropriety or unfair dealing on respondent's part or raise an issue of fact warranting a hearing (*see, Matter of Law Bros. Contr. Corp. v O'Shea*, 79 AD2d 1075, 1076).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.