■ In the Matter of JOE CICCONE, Appellant, v MICHAEL P. JACOBSON, as Correction Commissioner of the City of New York, et al., Respondents. [692 NYS2d 33] —Order and judgment (one paper), Supreme Court, New York County (Helen Freedman, J.), entered April 22, 1998, which, in a proceeding pursuant to CPLR article 78 by petitioner former correction officer against respondent Department of Correction to enforce petitioner's right to sick pay under Administrative Code of the City of New York § 9-117.1 (a), granted respondent's cross motion to dismiss the petition for failure to exhaust contractual remedies, and dismissed the petition, unanimously affirmed, without costs.

Article XXI (§ 1) of the collective bargaining agreement between petitioner's union and respondent defines "grievance" as including "a claimed violation, misinterpretation or inequitable application of the provisions of this Agreement". Article X (§ 2 [i]) of the collective bargaining agreement incorporates by both reference and repetition Administrative Code § 9-117.1 (a), under which correction officers are entitled to leave with pay for the full period of any incapacity caused by a service-connected injury. Read together, these two provisions require a

finding that petitioner's claim for sick pay is a grievance within the meaning of the collective bargaining agreement, and, as such, subject to the exclusive grievance/arbitration remedies contained in that agreement (*see, Carter v Department of Correction*, 92 AD2d 465, *affd* 62 NY2d 670). A different result recognizing the existence of an alternative judicial remedy is not required by article XXI (§ 3) of the collective bargaining agreement, under which the union's right to seek arbitration is contingent upon its and the represented employee's "written waiver of the right, if any * * * to submit the underlying dispute to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award". The existence of an arbitration step in the grievance procedure that, under article XXI (§ 2), may be invoked by the union but not by an employee, provided the union and the employee it represents waive the right, "if any", to seek a judicial remedy, does not imply reservation of a judicial remedy for an employee making a claim that is elsewhere in the agreement specifically identified as a right subject to specified nonjudicial remedies. We have considered petitioner's other arguments and find them to be without merit. Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.