■ In the Matter of the CITY OF NEW YORK, Appellant, v CAROL E. STONE, as Director of the New York State Division of the Budget, et al., Respondents. [782 NYS2d 430]—

Judgment (denominated an order), Supreme Court, New York County (Martin Shulman, J.), entered April 30, 2003, which dismissed the petition brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents' refusal, under Social Services Law § 95 (10) (c) and 18 NYCRR 388.4 (b), to reimburse petitioner for 50% of its costs in administering and distributing benefits under New York State's Food Assistance Program (FAP) to ineligible recipients during the period September 1997 through October 1998 was not arbitrary and capricious and was rationally based. In promulgating section 388.4 (b), which provides that local social services districts are responsible for 100% of benefits issued to ineligible persons, the Commissioner, in the exercise of his discretion (*see* Social Services Law § 95 [10] [i]; § 20 [3]; § 34 [3] [f]), was subject only to the general requirement of acting reasonably and in full conformity with law (*see Connolly v O'Malley*, 17 AD2d 411 [1962]). Whereas administrative regulations are invalid if they conflict with a statute's provisions or are inconsistent with its design and purpose, here there was a rational basis for the regulation in light of the statutory language it effectuates (*see Ostrer v Schenck*, 41 NY2d 782, 785-786 [1977]). Social Services Law § 95 (10) (c) provides that "[s]ocial services districts shall be financially responsible for fifty percent of the non-federal share of the *necessary* costs of operating the food assistance program, including the cost of purchasing the food stamps and any other payments to the federal government required for participating in the program" (emphasis added), implying that the State shall be responsible for the other 50% of "necessary costs." A rational interpretation is that where unnecessary costs are incurred in the operation of FAP, including the issuance of benefits to ineligible recipients, those costs must be borne by the local districts that incur them. Petitioner's interpretation would read the word "necessary" out of the statute and render respondents indemnitors of the City's errors by requiring reimbursement of any and all FAP benefit costs, even where they should not have been paid out in the first place.

A fundamental flaw in petitioner's analysis proceeds from the premise that the State's determination represents a penalty or sanction. Rather than imposing a penalty, the State has made a budgetary determination, under Social Services Law § 95 (10) (c) and 18 NYCRR 388.4 (b), not to reimburse the City for FAP benefits paid to ineligible persons. There is insufficient support in the record for petitioner's argument that such determination was arbitrary and capricious or an abuse of discretion because of errors resulting substantially from respondents' failure to provide adequate or accurate eligibility definitions, program guidance and/or technical support. Respondents gave petitioner numerous opportunities to review and correct deficiencies, but it failed to do so. Relevant FAP eligibility criteria were set forth in section 95 (10) (b), and petitioner had adequate notice thereof, as well as an obligation with respect to the federal Food Stamp Program under the Personal Responsibility and Work Opportunity Reconciliation Act (8 USC §§ 1611, 1621). Petitioner's argument that difficulties in obtaining proper documentation from the Immigration and Naturalization Service presented an insurmountable obstacle ignores the fact that the ultimate burden of providing documentation rests with the applicants. When an applicant fails to provide proper documentation, the City should deny the application. Accordingly, the focus of the audit on documentation, rather than on whether the applicant did in fact qualify, was not arbitrary, capricious or an abuse of discretion. The State merely reviewed petitioner's case files to determine if it had complied with the eligibility criteria of section 95 (10), and then held the City responsible for benefits issued to ineligible persons, in accordance with 18 NYCRR 388.4 (b).

We have considered petitioner's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Williams and Catterson, JJ.