■ In the Matter of HAVERSTRAW VILLAGE POLICEMEN'S BE-NEVOLENT ASSOCIATION, INC., Appellant, v TOWN OF HAVERSTRAW et al., Respondents. [838 NYS2d 651]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondents Town of Haverstraw, Howard Phillips, in his capacity as Supervisor of the Town of Haverstraw, and Vincent J. Gamboli, Jay Hood, John Ramundo, and Isidor Cancel, in their capacities as councilpersons of the Town of Haverstraw, to credit the members of the petitioner with sick leave accrued while the petitioner's members were po-lice officers of the respondent Village of Haverstraw, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered August 21, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The "extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought" (*Matter of Green v Sammarco,* 33 AD3d 1000, 1000 [2006]; *see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]; *Matter of O'Connor v Modica,* 33 AD3d 1007, 1008 [2006]; *Matter of Reden v Nassau County Civ. Serv. Commn.,* 133 AD2d 694 [1987]). Here, since the relief that the petitioner sought is discretionary in nature (*see* Civil Service Law § 70 [2]), mandamus does not lie (*see Matter of Muzzillo v Mount Vernon Civ. Serv. Commn.,* 238 AD2d 425, 426 [1997]).

In any event, to the extent that the petitioner contends that the respondents Town of Haverstraw, Howard Phillips, in his capacity as Supervisor of the Town of Haverstraw, Vincent J. Gamboli, Jay Hood, John Ramundo, and Isidor Cancel, in their capacities as councilpersons of the Town of Haverstraw, acted arbitrarily or capriciously in denying the petitioner's request to credit its members with accrued sick leave, this argument is without merit. The record establishes that the petitioner and the respondent Village of Haverstraw (hereinafter the Village) agreed to a buyout of the accrued sick leave of the petitioner's

members, and the Village has, to date, made the agreed upon payments.

The petitioner's remaining contentions are without merit. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.