In the Matter of JANET HELLNER, Appellant-Respondent, v BOARD OF EDUCATION OF WILSON CENTRAL SCHOOL DISTRICT et al., Respondents, and BOARD OF EDUCATION OF ORLEANS/NIAGARA BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents-Appellants. [911 NYS2d 749]—

Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 11, 2009 in a proceeding pursuant to CPLR article 78. The judgment directed respondents Wilson Central School District and Orleans/Niagara Board of Cooperative Educational Services to place petitioner on their preferred hiring lists, subject to review of her qualifications, and otherwise denied the petition.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to direct respondents to transfer her position as an occupational therapist from respondent Wilson Central School District (District) to respondent Orleans/Niagara Board of Cooperative Educational Services (BOCES) pursuant to Civil Service Law § 70 (2). Petitioner had been employed by the District for 14 years when, as a result of budget constraints, the District abolished her position and entered into a cooperative services agreement (Agreement) with BOCES for the provision of occupational therapy services. The collective bargaining unit of which petitioner was a member demanded petitioner be afforded the "transfer of a function" rights pursuant to section 70 (2), i.e., that the District certify petitioner's name to BOCES as the employee to be transferred and that BOCES offer petitioner the position of occupational therapist. Both the District and BOCES refused to do so, whereupon petitioner commenced this proceeding. Supreme Court denied the petition and instead directed the District and BOCES to place petitioner's name on their preferred hiring lists. Petitioner appeals and BOCES cross-appeals from the judgment.

We agree with petitioner that the Agreement for the provision of occupational therapy services previously provided to the District by petitioner constitutes the "transfer of a function" within the meaning of Civil Service Law § 70 (2). Respondents contend, however, that Education Law §§ 3014-a and 1950 exclusively govern the issue of employee transfer rights inasmuch as BOCES took over the occupational therapy program from the District. We reject that contention. Neither Education Law statute provides for any transfer rights for non-teaching positions, and thus respondents' contention is at odds with the decision of the Court of Appeals in *Matter of Vestal*

*Empls. Assn., NEA/NY, NEA v Public Empl. Relations Bd. of State of N.Y.* (94 NY2d 409 [2000]). In that case, the Court of Appeals expressly stated that the affected school district employee, who provided printing services and thus had a noneducational position (*see id.* at 413), nevertheless was "afforded certain protections upon the transfer of his functions pursuant to Civil Service Law § 70 (2)" (*id.* at 416). Contrary to respondents' contention, that statement in *Vestal* is not mere dictum but, rather, it is a necessary element of the Court's analysis in that case.

We also reject respondents' contention that affording petitioner transfer rights would violate various administrative provisions applicable to BOCES and the District. Based on the Court's decision in *Vestal* (94 NY2d at 416), we conclude that the transfer of occupational therapy services from the District to BOCES constitutes the transfer of a function pursuant to Civil Service Law § 70 (2) and thus that petitioner, as the employee whose function was transferred, is afforded certain affirmative rights upon the transfer. To the extent that the administrative provisions upon which respondents rely are inconsistent with section 70 (2), the statute controls (*see generally Matter of Harbolic v Berger*, 43 NY2d 102, 109 [1977]). "[A]dministrative regulations are invalid if they conflict with a statute's provisions or are inconsistent with its design and purpose" (*Matter of City of New York v Stone*, 11 AD3d 236, 237 [2004]).

Although we agree with petitioner that she is entitled to protections afforded by Civil Service Law § 70 (2), we are unable on the record before us to determine the scope of those protections. Unlike Education Law § 3014-a, which affords teachers with seniority the right to existing positions in BOCES in the event that their positions purportedly are transferred there, Civil Service Law § 70 (2) requires the transfer only of "necessary . . . employees who are substantially engaged in the performance of the function to be transferred." In the event that BOCES had sufficient staff to provide the required occupational therapy services when petitioner's position was transferred, petitioner thus would not be entitled to the relief that she seeks, i.e., immediate employment at BOCES in that position (*see Matter of De Pietro v Thom*, 213 NYS2d 853 [1961]). The record is insufficient to enable us to determine whether BOCES had sufficient occupational therapy staff at the time of the Agreement, and we therefore reverse the judgment and remit the matter to Supreme Court for further proceedings on the petition to determine that issue. In addition, we direct that,

upon remittal, petitioner must join as necessary parties other occupational therapists whose employment may be jeopardized as a result of the petition, although we reject respondents' contention that the court was required to dismiss the petition based on petitioner's failure to join those parties in the first instance (*see Matter of Basher v Town of Evans* [appeal No. 1], 112 AD2d 4 [1985]; *Matter of Gill v Dutchess County Bd. of Coop. Educ. Servs.*, 99 AD2d 836, 837 [1984]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.