■ In the Matter of JOHN D. JUSTICE, Appellant, v ANDREA EVANS, as Chair of the Division of Parole, Respondent. [986 NYS2d 699]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered August 23, 2013 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, a prison inmate, was convicted of two counts of manslaughter and sentenced to an aggregate prison term of 13$^{1}$/$_{3}$ to 40 years (*People v Justice*, 202 AD2d 981 [1994], *lv denied* 83 NY2d 968 [1994]). Petitioner was conditionally released to parole supervision in 2005, but he violated the conditions of his parole and, in 2007, his parole was revoked and he was ordered held until the expiration of his sentence (*see People ex rel. Justice v Racette*, 111 AD3d 1041 [2013], *lv denied* 22 NY3d 861 [2014]). In April 2012, petitioner filed an application with the Board of Parole for a rehearing with regard to his 2007 parole revocation based upon newly discovered evidence. Failing to receive a response to his application, petitioner commenced a proceeding in Supreme Court, Erie County, in July 2012. The court (Michalski, J.) issued a November 2012 order finding that 120 days was a reasonable time for respondent to respond to petitioner's application and, that time not having elapsed prior

to the commencement of the proceeding, the court dismissed petitioner's petition as premature. As petitioner had still failed to receive a response to his application by February 2013, he commenced the instant proceeding seeking an order in the nature of mandamus to compel the Board to conduct a parole revocation rehearing. During the pendency of this proceeding, respondent informed petitioner in April 2013 that the Board had considered his application and determined that a rehearing was not warranted. Subsequently, respondent moved to dismiss the proceeding. Supreme Court granted the motion, finding that respondent's April 2013 denial of petitioner's application had rendered his petition moot. Petitioner now appeals.

We affirm. " 'The writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought' " (*Matter of Johnson v Fischer*, 104 AD3d 1004, 1004-1005 [2013], quoting *Matter of Johnson v Corbitt*, 87 AD3d 1214, 1215 [2011], *lv denied* 18 NY3d 802 [2011]). Inasmuch as the determination as to whether to grant an application for a parole revocation rehearing lies within the discretion of the Board (*see* 9 NYCRR 8006.3 [c]), the writ of mandamus does not lie (*see e.g. Matter of Johnson v Fischer*, 104 AD3d at 1005; *Matter of Gonzalez v New York State Div. of Parole*, 100 AD3d 1323, 1324 [2012]). Because respondent has provided petitioner with a response to his application for a rehearing, petitioner has received all of the relief to which he is entitled and, therefore, the petition was properly dismissed as moot (*see Matter of Burroughs v Martuscello*, 111 AD3d 1208, 1208 [2013]; *Matter of McDonald v Fischer*, 111 AD3d 1207, 1208 [2013]).

Peters, P.J., Lahtinen, Garry and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.