*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                517831
_____

In the Matter of SHERIAN
    THORNTON,
                    Appellant,

        v                                MEMORANDUM AND ORDER

SAUGERTIES CENTRAL SCHOOL
    DISTRICT et al.,
                    Respondents.
_____

Calendar Date:   September 5, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Cooper Erving & Savage, LLP, Albany (Phillip G. Steck of counsel), for appellant.

        Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell Junction (Bryan D. Duroy of counsel), for Saugerties Central School District, respondent.

        Guercio & Guercio, LLP, Latham (Erin M. O'Grady-Parent of counsel), for Ulster Board of Cooperative Educational Services, respondent.

_____

McCarthy, J.

        Appeal from a judgment of the Supreme Court (Zwack, J.), entered January 9, 2013 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking reinstatement to her former position.

        Petitioner was employed by respondent Saugerties Central School District as the District data administrator.  In 2012, for

budgetary reasons, the District purchased data management services from respondent Ulster Board of Cooperative Educational Services (hereinafter BOCES).  As a result, on February 14, 2012, the District's Board of Education voted to eliminate petitioner's position effective March 2, 2012, and her job duties were undertaken by existing staff members of BOCES.  On March 21, 2012, petitioner demanded that, pursuant to Civil Service Law § 70 (2), she be transferred to BOCES to perform her former duties. The District denied that request on April 11, 2012.

On July 20, 2012, petitioner commenced this proceeding seeking reinstatement to her former position and transfer of her employment to BOCES, along with reinstatement of her employee benefits.  BOCES filed an answer with objections in point of law and the District filed a pre-answer motion to dismiss.  Both respondents raised the statute of limitations defense, among others, and also addressed the merits.  Petitioner filed a reply affidavit.  Supreme Court dismissed the petition on the merits, finding that petitioner had no clear right to the relief requested because she was not a necessary employee within the meaning of Civil Service Law § 70 (2).  Petitioner appeals.

Supreme Court erred in addressing the merits under this procedural posture.  While courts may look beyond the petition to decide a pre-answer motion to dismiss on statute of limitations grounds, courts generally may not address the merits without first allowing all respondents to answer, or giving the parties notice of the intention to treat the motion as one for summary judgment (see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102-103 [1984]; Matter of Morey v City of Gloversville, 203 AD2d 625, 626 [1994]; see also CPLR 3211 [c]).  Indeed, CPLR 7804 (f) states that if a pre-answer motion to dismiss "is denied, the court shall permit the respondent to answer, upon such terms as may be just."  Thus, Supreme Court should have addressed the District's motion and, if it was denied, permitted the District to answer before ruling on the merits.

-3-                          517831

We will, therefore, address the statute of limitations defense.[1] Petitioner had to commence this proceeding within four months after the District's determination became final and binding upon her (see CPLR 217 [1]). To determine when the statute of limitations began to run, we must first address whether Civil Service Law § 70 (2) applies.[2] If it does not apply, then this is a common termination of public employment case and, because no administrative hearing is required, the statutory "'period runs from the notice of discharge, or the effective date of discharge, if later'" (Matter of Rakiecki v State Univ. of N.Y., 31 AD3d 1015, 1016 [2006], quoting Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]; see Matter of Rappo v City of N.Y. Human Resources Admin., 120 AD2d 339, 341 [1986]; compare Matter of Rea v City of Kingston, 110 AD3d 1227, 1229 [2013]). Under that scenario, this proceeding would be untimely. If Civil Service Law § 70 (2) does apply, the situation is more complicated; the statute of limitations would normally run from the performance of certain obligations by respondents, but respondents thought the statute did not apply so they did not perform those obligations.

---

[1] Contrary to petitioner's argument, because respondents obtained dismissal of the petition as they had requested, they were not aggrieved and had no right to cross-appeal (see CPLR 5511). As alternative grounds for affirming, however, respondents can rely on any arguments that they raised before Supreme Court, including their statute of limitations defense (see Matter of Seney v Board of Educ. of E. Greenbush Cent. Sch. Dist., 103 AD3d 1022, 1022 n 1 [2013]).

[2] Although the statute of limitations determination is intertwined with the merits of the petition, under the procedural posture of this case, we may consider factual affidavits when addressing the statute of limitations defense even though it might not be proper to consider those affidavits to decide the merits at this time (compare Matter of Bronx-Lebanon Hosp. Ctr. v Daines, 101 AD3d 1431, 1432 [2012], with Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d at 103-104).

Civil Service Law § 70 (2) applies "[u]pon the transfer of a function" from the District to BOCES (Civil Service Law § 70 [2] [first sentence]³).  The District's decision to cease providing its own data management services and purchase such services from BOCES constituted the "transfer of a function" within the meaning of the statute (see Matter of Hellner v Board of Educ. of Wilson Cent. School Dist., 78 AD3d 1649, 1650 [2010]).  The statute required the District, not less than 20 days before any such transfer, to certify to BOCES a list of the names and titles of all District employees who were "substantially engaged in the performance of the function to be transferred" and to publicly post that list along with a copy of the statute (Civil Service Law § 70 [2] [second sentence]).  All District employees could then, before the effective date of such transfer, give written notice of protest to BOCES and the District of their "inclusion in or exclusion from such list" (Civil Service Law § 70 [2] [third sentence]).  The head of BOCES would be required, within 10 days of receiving a protest, to review the protest, consult with the District and notify the employee of the determination regarding such protest (see Civil Service Law § 70 [2] [fourth sentence]).  "Such determination shall be a final administrative determination" (Civil Service Law § 70 [2] [fifth sentence]).  Respondents would then be required to determine which employees on the list were necessary to be transferred, by considering statutory criteria as well as whether BOCES had sufficient staff to provide the transferred services (see Civil Service Law § 70 [2] [first and eighth sentences]; Matter of Hellner v Board of Educ. of Wilson Cent. School Dist., 78 AD3d at 1651).  Employees who were not transferred would be placed on a preferred hire list for similar positions at both the District and BOCES (see Civil Service Law § 70 [2] [eleventh sentence]).

³ For ease of reference, in this decision we will cite to sentences within this lengthy subdivision and will not consider the caption to be a sentence.  We consider the first sentence to be the one beginning "Upon the transfer of a function," which serves as an overview of the subdivision and is followed by the specific procedure and details of the process.

When analyzing the statute of limitations question, we must consider the purpose of the statute — to protect the employment rights of public employees — and the mandatory nature of the statute's procedural requirements, directing that the District "shall" certify to BOCES and post a list of employees substantially engaged in the transferred function (Civil Service Law § 70 [2] [second sentence]).  Ignoring the statutory procedure would deprive public employees of the protection of the statute and reward public employers by giving them the advantage of a shorter statute of limitations for challenges when they fail to perform their statutory obligations.  This we cannot countenance.

In transfer cases, the statute of limitations begins to run after the transferee agency rules against a protest to include an employee on the certified list or declines to transfer an employee who is on the list.  Although respondents here did not follow the statutory process, petitioner's March 21, 2012 letter demanding that she be transferred to BOCES can reasonably be deemed to qualify as a protest of her exclusion from a certified list.  While BOCES was required by the statute to rule on that protest within 10 days (see Civil Service Law § 70 [2] [fourth sentence]), which did not occur, under the circumstances here we consider the District's April 11, 2012 denial to be a final administrative determination regarding petitioner's protest.  Petitioner commenced this proceeding and served respondents on July 20, 2012, less than four months after her demand letter and the administrative denial.  Thus, the proceeding was timely and respondents' statute of limitations defense must be rejected.  After this denial of its pre-answer motion, the District must be permitted to answer prior to Supreme Court ruling on the merits (see CPLR 7804 [f]).

Stein, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court to permit respondent Saugerties Central School District to serve an answer within 20 days of the date of this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court