*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014          518619
_____

In the Matter of JULIO C.
    BORRELL,
                    Appellant,

        v                               MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                    Respondent.
_____

Calendar Date:  October 21, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ.

_____

        Julio C. Borrell, Dannemora, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Ellis, J.),
entered February 28, 2014 in Clinton County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to direct the Board of Parole to issue a
determination regarding his request for parole release.

        Petitioner was convicted as a second violent felony
offender of multiple crimes and was sentenced to 12½ to 25 years
in prison.  In January 2012, he made his second appearance before
the Board of Parole seeking to be released to parole supervision.
Following a hearing, his request was denied and he was ordered
held for an additional 24 months.  In October 2013, petitioner
commenced this CPLR article 78 proceeding seeking a writ of
mandamus compelling the Board to issue a specific determination
as to whether an order of deportation issued against him warrants

granting him parole release pursuant to Executive Law § 259-i (d). In November 2013, petitioner reappeared before the Board and was again denied parole release. Thereafter, Supreme Court dismissed the petition, and this appeal ensued.[1]

Petitioner seeks relief in the nature of mandamus compelling the Board to issue a determination whether the order of deportation issued against him warrants his release to parole. Contrary to petitioner's contention, however, "[a] deportation order is only one factor to consider in determining parole release and the existence of such order does not require an inmate's release" (Matter of Kelly v Hagler, 94 AD3d 1301, 1302 [2012]).[2] Rather, the decision of the Board to deny parole release is discretionary, based upon its evaluation of several statutory guidelines, including the existence of deportation orders (see Executive Law § 259-i [2] [c] [A] [iv]; [d]; Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1270 [2014]). Inasmuch as "[t]he writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts that are mandatory, not discretionary, and only when there is clear legal right to the relief sought" (Matter of Johnson v Corbitt, 87 AD3d 1214, 1215 [2011], lv denied 18 NY3d 802 [2011]; accord Matter of Justice v Evans, 117 AD3d 1365, 1366 [2014]), mandamus does not lie (see e.g. Matter of Justice v Evans, 117 AD3d at 1366; Matter of Johnson v Fischer, 104 AD3d 1004, 1004-1005 [2013]). Petitioner's remaining contentions, to the extent they are preserved for our review, have been examined and found to be

_____

[1] To the extent that petitioner appeals the January 2012 determination of the Board, his reappearance before the Board in November 2013 renders such an appeal moot (see Matter of Mance v Evans, 119 AD3d 1316 [2014]; Matter of Jackson v New York State Div. of Parole, 116 AD3d 1308 [2014]). Moreover, we find that the exception to the mootness doctrine is not applicable (see Matter of Delgado v Evans, 119 AD3d 1315 [2014]; Matter of Rahaman v Evans, 118 AD3d 1247 [2014]).

[2] An inmate convicted of a violent felony offense as defined in Penal Law § 70.02 is not eligible for consideration under Executive Law § 259-i (2) (d).

without merit.

        Lahtinen, J.P., Stein, McCarthy, Lynch and Clark, JJ.,
concur.


        ORDERED that the judgment is affirmed, without costs.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court