*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014          518419
_____

In the Matter of LISA SHAW
    et al., on Behalf of
    Themselves and their
    Children,
                    Appellants,          MEMORANDUM AND ORDER
        v

JOHN B. KING, as Commissioner
    of Education, et al.,
                    Respondents.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Wendy Lecker, Campaign for Fiscal Equality, Newark, New
Jersey, for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Devine, J.),
entered October 23, 2013 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to compel respondent Commissioner of Education to,
among other things, schedule certain public hearings.

        Petitioners are the parents of students attending schools
within the City School District of the City of New York
(hereinafter the District), which "has at least one school
identified as in corrective action or restructuring status or

as a school requiring academic progress" (Education Law § 211-d [1] [a]).  The District is accordingly entitled to receive additional state funding, but must also prepare a "[c]ontract for excellence" detailing how those monies will be spent (Education Law § 211-d [1] [a]; [2] [b]; [3]; see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 88 AD3d 72, 75 [2011]).  The contracts are "developed through a public process" that, in the case of the District, includes a public hearing within every county of the City (Education Law § 211-d [4] [a]; see Education Law § 211-d [4] [b]).  Education Law § 211-d (5) requires respondent Commissioner of Education to approve each contract and certify that the additional funding will be spent in a permissible manner.

Petitioners view the timeline established by the Commissioner for the development and approval of the District's contract for the 2012-2013 school year as preventing meaningful public participation and, as such, violative of the terms of Education Law § 211-d and its implementing regulations. Petitioners accordingly commenced this CPLR article 78 proceeding to compel the Commissioner to create a contract approval timetable that began the public process "in May or June for the 2013-2014 school year and all subsequent school years," to ensure that the public process preceded submission of a proposed contract to the Commissioner for approval, and to require that a finalized contract be submitted for approval prior to the start of the school year.  Supreme Court dismissed the petition, determining that the petition was moot insofar as it dealt with the 2013-2014 school year and that, with regard to subsequent school years, the timeline proposed by petitioners was not required by Education Law § 211-d.  Petitioners now appeal.

We affirm.  Petitioners seek mandamus to compel, "an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Johnson v Corbitt, 87 AD3d 1214, 1215 [2011], lv denied 18 NY3d 802 [2011]; accord Matter of Justice v Evans, 117 AD3d 1365, 1366 [2014]; Matter of Johnson v Fischer, 104 AD3d 1004, 1005 [2013]). Nothing in Education Law § 211-d explicitly requires the contract development process to operate upon a set timeline and,

consistent with that silence, the implementing regulations direct that a contract be "submitted pursuant to a timeline . . . as prescribed by the [C]ommissioner" (8 NYCRR 100.13 [b] [1]). Petitioners assert that the language of the statute suggests that a more specific timeline was intended. It suffices to say, however, that we cannot read a statute that is silent with regard to timing as requiring the Commissioner to always impose the highly specific timeline proposed by petitioners. Even respondents admit that it "might be preferable" for public review and approval of a contract to occur prior to the commencement of the school year in which the funds will be spent. As such, petitioners are free to challenge a future timeline set by the Commissioner if it strays from that practice without reason (see CPLR 7803 [3]). In the absence of a clear expression of intent in the statute to require a set timeline in all instances, however, petitioners have not made the requisite showing that "specific statutory authority mandating performance in a specific manner" exists that would entitle them to the relief requested (Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740, 741 [1984], lv denied 65 NY2d 604 [1985]; accord New York Civ. Liberties Union v State of New York, 3 AD3d 811, 814 [2004], affd 4 NY3d 175 [2005]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court