State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:    December 1, 2016                 522406
_____

In the Matter of SHERIAN
    THORNTON,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

SAUGERTIES CENTRAL SCHOOL
    DISTRICT et al.,
                        Respondents.
_____

Calendar Date:   October 13, 2016

Before:   Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

_____

        Cooper Erving & Savage, LLP, Albany (Carlo A.C. de Oliveira
of counsel), for appellant.

        Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, Hopewell
Junction (Bryan D. Duroy of counsel), for Saugerties Central
School District, respondent.

        Guercio & Guercio, LLP, Latham (Erin M. O'Grady-Parent of
counsel), for Ulster County Board of Cooperative Educational
Services, respondent.

_____

Mulvey, J.

        Appeal from a judgment of the Supreme Court (Work, J.),
entered September 16, 2015 in Ulster County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to compel reinstatement to her former position.

        Petitioner was employed by respondent Saugerties Central
School District (hereinafter District) for approximately five

years and was responsible for, among other things, maintaining the District's student and data management systems. Petitioner had no supervisory duties, and the minimum qualifications for her position did not require any specialized licenses. In early 2012, the District and respondent Ulster County Board of Cooperative Educational Services (hereinafter BOCES) engaged in discussions regarding ways to provide more cost effective and efficient data management services to the District. Thereafter, the District purchased data management services from BOCES. As a result, the District's Board of Education voted to eliminate petitioner's position, and her job duties were assumed by existing staff members of BOCES. Petitioner demanded that she be transferred to BOCES to perform her former job duties pursuant to Civil Service Law § 70 (2). The District denied her request.

Petitioner then commenced this proceeding seeking reinstatement to her former position, transfer of her employment to BOCES and reinstatement of her employee benefits. BOCES filed an answer with objections in point of law and the District filed a pre-answer motion to dismiss. Supreme Court (Zwack, J.) dismissed the petition on the merits, concluding that petitioner failed to establish a clear right to the relief sought because she was not a "necessary" employee within the meaning of Civil Service Law § 70 (2). Upon appeal to this Court, we reversed and remitted the matter to Supreme Court, ruling, among other things, that "Supreme Court erred in addressing the merits under this procedural posture" (121 AD3d 1253, 1254 [2014]).

Upon remittal, the District served an answer. Petitioner then moved for discovery pursuant to CPLR 408 and 3107 seeking to depose Karen Bartash and Denise Olsen, two BOCES staff members, who ultimately became responsible for the District's data management. Supreme Court (Melkonian, J.) denied petitioner's motion on the ground that "the depositions of these staff members [were] neither material nor necessary to the prosecution of petitioner's claims" because the record revealed that BOCES "had sufficient staff to provide the data management services and ha[d] been providing [such] services for the [District] since the abolition of petitioner's position without interruption." Petitioner then moved for a trial pursuant to CPLR 7804 (h) and Supreme Court (Work, J.) denied the motion and dismissed the

petition on the merits, holding that there were no questions of fact warranting a trial and that petitioner failed to establish "a clear legal right to the relief requested."  Petitioner appeals.

We affirm.  Petitioner argues that Supreme Court erred in denying her motion for a trial and improperly dismissed the petition, as triable questions of fact remain concerning who absorbed her job functions and when, and whether such BOCES staff members had ever performed those job functions before the transfer of petitioner's duties to BOCES.  Respondents contend that petitioner was not entitled to a transfer of her job function under Civil Service Law § 70 (2) because the record establishes that BOCES had sufficient qualified staff available to perform the transferred duties, and petitioner failed to establish the existence of material facts in dispute.

Mandamus to compel, sought by petitioner, is "an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Shaw v King, 123 AD3d 1317, 1318-1319 [2014] [internal quotation marks and citation omitted]; see Matter of Justice v Evans, 117 AD3d 1365, 1366 [2014]).  Civil Service Law § 70 (2) provides, in relevant part: "Upon the transfer of a function . . . from one department or agency of the state to another department or agency of the state, . . . provision shall be made for the transfer of necessary officers and employees who are substantially engaged in the performance of the function to be transferred"[1] (emphasis added).  This language imposes a mandatory duty (cf. Matter of Haverstraw Vil. Policemen's Benevolent Assn., Inc. v Town of Haverstraw, 41 AD3d 847, 847 [2007]).  Thus, the ultimate issue

_____

[1]  On petitioner's prior appeal, we held that "[t]he District's decision to cease providing its own data management services and purchase such services from BOCES constituted the 'transfer of a function'" within the meaning of Civil Service Law § 70 (2) (Matter of Thornton v Saugerties Cent. Sch. Dist., 121 AD3d at 1255).

is whether petitioner has "established a right to the relief sought which is 'so clear as not to admit of reasonable doubt or controversy'" (Matter of Vergata v Superintendent of Bldgs. of Vil. of Westbury, 108 AD2d 750, 750 [1985], quoting Matter of Burr v Voorhis, 229 NY 382, 387 [1920]; see Matter of Carpenter v City of Troy, 192 AD2d 920, 921 [1993]).  An employee is eligible for a transfer pursuant to Civil Service Law § 70 (2) only if he or she is a "necessary . . . employee[]" — i.e., if the agency or the department to which his or her duties are being transferred does not have sufficient staff at the time of the transfer to perform the duties being transferred (see Matter of Hellner v Board of Educ. of Wilson Cent. School Dist., 78 AD3d 1649, 1651 [2010]; see also Matter of Thornton v Saugerties Cent. Sch. Dist., 121 AD3d at 1255).

BOCES submitted an affidavit of one of its employees, Lisa Pullaro.  Pullaro attested that she had been employed by BOCES since July 1987, and that her career had "focused on application training and support of administrative support systems, student management systems and data collection and reporting systems" and that, on or about February 10, 2012, she and Katy Colletti, a data support specialist, began "supervising and implementing" data management services for the District, providing data management services three days a week.  Pullaro stated that the assumption of the data management services was an extension of the duties already assigned to BOCES and that BOCES did not hire any new employees to provide such services to the District.  She further stated that, since July 1, 2012, the data management services to the District were being provided by two other existing employees of BOCES, namely, Bartash and Olsen.  According to the Pullaro affidavit, BOCES staff assigned to the District "are qualified to provide the student and data management services purchased by [the District]."  BOCES also submitted two affidavits of Charles Khoury, Superintendent of Schools for BOCES, who averred that BOCES "had sufficient staff to perform the functions of the transferred work."  Finally, Seth Turner, Superintendent of Schools for the District, stated in his affidavit that the decision to eliminate petitioner's position was "due to budgetary constraints" and that "[t]he District did not hire a new employee to fill her position, and her job duties were absorbed by two existing staff members of [BOCES]."  In her

opposing affidavit, petitioner failed to controvert the facts stated in the affidavits submitted by respondents, and her verified petition asserts, in only conclusory fashion and without indicating the basis of her knowledge, that BOCES did not have sufficient staff to perform the duties transferred.

This case does not represent "a situation where it is impossible to determine the matter upon the submitted papers alone" (Matter of Ames v Johnston, 169 AD2d 84, 85 [1991]). Given that the affidavits submitted by respondents convincingly establish that BOCES had sufficient staff to perform the transferred function, and in view of petitioner's failure to counter those factual assertions, no trial was required (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]; Matter of LaCorte Elec. Constr. & Maintenance v New York State Dept. of Social Servs., 243 AD2d 1029, 1031 [1997]). Based on the record before us, we find that respondents sufficiently demonstrated that petitioner was not a necessary employee within the purview of Civil Service Law § 70 (2) because, at the time of the transfer of her job function, BOCES had sufficient staff to perform such duties (cf. Matter of Hellner v Board of Educ. of Wilson Cent. School Dist., 78 AD3d at 1651). Having failed to sustain the burden of demonstrating that she was a necessary employee, petitioner has not "established a right to the relief sought which is 'so clear as not to admit of reasonable doubt or controversy'" (Matter of Vergata v Superintendent of Bldgs. of Vil. of Westbury, 108 AD2d at 750, quoting Matter of Burr v Voorhis, 229 NY at 387). Accordingly, Supreme Court properly dismissed the petition (see Matter of Dietz v Board of Educ. of Rochester City Sch. Dist., 98 AD3d 1251, 1252 [2012], lv denied 20 NY3d 857 [2013]). We have reviewed petitioner's remaining contention and find it to be without merit.[2]

---

[2]  Petitioner's reliance on Education Law § 3014-a in support of her argument that a transfer of her position was required is misplaced inasmuch as that statute does not provide for any transfer rights for non-teaching positions (see Matter of Vestal Empls. Assn., NEA/NY, NEA v Public Empl. Relations Bd. of State of N.Y., 94 NY2d 409, 413, 416 [2000]; Matter of Hellner v Board of Educ. of Wilson Cent. School Dist., 78 AD3d at 1650-

Garry, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

1651).